# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5876 | **DATE** | May 16, 2013 |
| **CASE TITLE** | Akinyemi vs. PepsiCo, Inc. et al | | |

**DOCKET ENTRY TEXT**

Ruling held on 5/16/2013. Quaker's motion (Doc [29]) to strike the Second Amended Complaint is granted.

■[ For further details see text below.]   Docketing to mail notices.

00:10

## ORDER

This matter comes before the Court on the motion of Defendant Quaker Sales & Distribution, Inc. ("Quaker") to strike Plaintiff Yetunde Akinyemi's ("Akinyemi") second amended complaint pursuant to Federal Rule of Civil Procedure 12(f). For the reasons set forth below, the motion is granted.

The following allegations are contained in Akinyemi's first amended complaint which the Court is obligated to take as true at this stage of the case. On September 28, 2005, Akinyemi, a black female of Nigerian dissent, was hired as a full-time accountant in Quaker's Corporate Finance Department, where she worked until January 28, 2007. She received a promotion to the position of Financial Analyst II in Quaker's Food and Snacks Division.

In April 2009, Imelda Munoz ("Munoz") began supervising Akinyemi. Akinyemi repeatedly clashed with Munoz. Munoz repeatedly berated Akinyemi, calling her in for one-on-one conferences and shouting at her. Munoz also denied Akinyemi the means to perform her job competently, such as the assistance of a consultant with respect to large volumes of work and a new laptop computer when Akinyemi's became inoperable. Munoz also rejected Akinyemi's request for promotion to a higher grade level, even though Akinyemi's previous supervisor had agreed to the request.

In June and July 2009, Akinyemi complained to her Human Resources contact, Valerie Henderson ("Henderson") about Munoz's behavior. Henderson told Akinyemi to do as Munoz told her because Munoz was the supervisor. On August 17, 2009, Akinyemi filed a formal discrimination complaint based on race, harassment and retaliation with the Equal Employment Opportunity Commission. On October 6, 2009, Akinyemi was terminated from her position.

On July 25, 2012, Akinyemi filed a six count complaint against Pepsico, Inc. ("Pepsico") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the State of Illinois Civil Rights Act of 2003, 740 Ill. Comp. Stat. Ann. 23/5 (the "Illinois Civil Rights Act"). On September 5, 2012, Akinyemi filed her first amended complaint, eliminating the claim for relief

**ORDER**

under the Illinois Civil Rights Act. Quaker answered the complaint, claiming to be the proper defendant, as it is a division of Pepsico. Quaker admitted to having employed Akinyemi for the time period referenced in Akinyemi's complaint. On March 28, 2013, the Court granted Akinyemi the opportunity to file a second amended complaint naming Quaker as the defendant in place of Pepsico.

Akinyemi did so on April 4, 2013, but added other materials to the second amended complaint. The close of discovery occurred on April 3, 2013. On April 9, 2013, Quaker filed a motion to strike the second amended complaint pursuant to Federal Rule of Civil Procedure 12(f). On April 12, 2013, Akinyemi filed her first response to Quaker's motion to strike. On April 17, 2013, the Court ordered Akinyemi to file a more comprehensive response to the motion.

The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 9(a)(2). Rule 8 requires that "each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e)(1). Rule 12(f) is designed to reinforce the requirement of Rule 8(e) that pleadings be simple, concise and direct, and a district court has discretion under Rule 12(f) to strike a complaint if it does not adhere to these guidelines. *Delta Consulting Grp., Inc. v. R. Randle Constr. Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Because motions to strike can be used as delay tactics, they are generally not a favored part of motion practice. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975).

Quaker argues that the additional materials Akinyemi has added are prejudicial because discovery has closed, and Quaker thus should not be made to respond to new allegations. Akinyemi argues that the second amended complaint merely corrected typographical errors, changed the format to enhance readability, and reworded factual allegations to conform with discovery that had occurred.

In her amended complaint, Akinyemi adds several new factual allegations. For instance, the complaint now alleges that Munoz was Akinyemi's peer prior to her having been Akinyemi's supervisor. The complaint also now alleges that three weeks after she became Akinyemi's supervisor, Munoz began to document Akinyemi's alleged mistakes and poor performance in a journal. The second amended complaint also alleges that Akinyemi told Henderson that she believed that she was being harassed by Munoz and set up for failure because she was a "black African." The second amended complaint also contains three exhibits that were not present in the prior complaints. The Court views all of these revisions as going well beyond the Court's clear instructions to Akinyemi's counsel to amend the complaint to name Quaker as the defendant in lieu of Pepsico. These new additions allege the presence of additional documentation (Munoz's journal) as well as complaints of racial discrimination by Akinyemi to Henderson that were not originally present. The Court deems these revisions prejudicial and improper.

For the reasons stated above, Quaker's motion to strike the second amended complaint is granted.

Date: **May 16, 2013**

*Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Judge**